**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Rocha,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-21-01398-PHX-JJT<br><br>**ORDER** |

At issue is the admissibility of expert testimony provided by Dr. Brad Sorosky on behalf of Defendant United States of America. The Court considers Plaintiff Christopher Rocha's Motion to Exclude Testimony of Brad Sorosky, M.D. (Doc. 23, Mot.), Defendant's Response (Doc. 24, Resp.), and Plaintiff's Reply (Doc. 25, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court denies Plaintiff's Motion to Exclude Dr. Sorosky's Testimony.

**I.     BACKGROUND**

On April 14, 2017, a United States Postal Service truck collided with Plaintiff while he was riding his bicycle, and he brought this negligence action against Defendant. (Compl. ¶¶ 6–9.) The parties dispute who is at fault for the collision. (Doc. 8, Answer ¶ 8.) Shortly after the collision, Plaintiff was diagnosed with spinal disc herniations/ruptures at his L4-L5 and L5-S1 discs as well as a spinal leak, which required surgery. (Compl. ¶ 10.) Plaintiff alleges that the collision also caused headaches, neck pain, back pain, numbness

and burning in his shoulders, hip pain, left ankle and foot pain, left wrist and finger pain, left hand pain and numbness, and muscle aches. (Compl. ¶ 11.) Plaintiff contends that the collision and his injuries were caused by the negligence of Defendant's employee. (Compl. ¶ 9.)

In turn, Defendant asserts that it is not liable for Plaintiff's injuries. (Answer ¶ 8.) To support its argument, Defendant retained Dr. Sorosky as a causation expert. (*See* Docs. 23-1, 23-2.) Dr. Sorosky is board-certified in physical medicine and rehabilitation as well as pain management. (Doc. 23-1 at 1.) In his report, Dr. Sorosky opines that Plaintiff's lumbar spine injuries predated the accident at issue. (Doc. 23-1 at 9; Doc. 23-2 at 2.)

## II.    LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning scientific and non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on knowledge and experience of the expert, rather than a particular methodology. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert*

factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted). "Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

### III. ANALYSIS

In his Motion to Exclude, Plaintiff advances two arguments: (1) Dr. Sorosky's methodology is not the product of reliable principles or methods; and (2) Dr. Sorosky's expert opinions are not supported by sufficient facts or data. (Mot. at 8–15.) The Court will examine each of these arguments in turn.

#### A. Reliable Principles or Methods

Plaintiff contends that Dr. Sorosky's methodology is not the product of reliable principles or methods because Dr. Sorosky "makes assumptions that are either wholly unsupported by the evidence or are entirely contradicted by the evidence." (Mot. at 8.) Plaintiff gives two reasons why the opinions are not based on reliable principles or methods: (1) Dr. Sorosky relied on an incorrect date in determining when Plaintiff's pain

began and his analysis using this date is inconsistent with his conclusions; and (2) Dr. Sorosky does not rely on objective data to support his opinion. (Mot. at 8–11.)

First, the record reveals that Dr. Sorosky misstated that Plaintiff never complained of back pain on April 17, 2017, and first complained of back pain on April 20, 2017. Plaintiff's Emergency Chiropractic Record from April 17, 2017, is evidence that Plaintiff had reported low back pain and left hip pain on that date. (Doc. 23-3 at 16.)

Plaintiff asserts that by opining that "[Dr. Sorosky] found it unlikely that [Plaintiff] would not have mentioned low back pain prior to the 4/20/17 visit" (Doc. 23-1 at 9), Dr. Sorosky demonstrated the unreliability of his methodology. (Mot. at 9.) Plaintiff contends that this statement shows that Dr. Sorosky's methodology is inconsistent with his overall opinion that the disc herniations occurred before the accident. (Mot. at 9.) Plaintiff further argues that under Dr. Sorosky's methodology, Plaintiff would have complained of back pain sometime before the collision if the injury predated the collision. (Mot. at 9.) In its Response, Defendant contends that the Emergency Chiropractic Record does demonstrate that Plaintiff complained about back pain prior to the collision. (Resp. at 4.)

Both of Plaintiff's concerns—Dr. Sorosky's reliance on incomplete facts and Dr. Sorosky's inconsistent application of his method—largely go to "the weight, not the admissibility of [Dr. Sorosky's] testimony." Kennedy, 161 F.3d at 1231 (quoting *McCullock*, 61 F.3d at 1044). In this instance, it would be more appropriate to allow Plaintiff to cross-examine Dr. Sorosky at trial regarding the completeness of the facts he relied on and whether he applied his methodology consistently. *See Daubert*, 509 U.S. at 596.

Second, Plaintiff argues that Dr. Sorosky failed to support his opinion with objective evidence. (Mot. at 10.) Plaintiff points out that there is no imaging prior to the accident to prove Dr. Sorosky's opinion. (Mot. at 10.) But other evidence supports his opinion. (Mot. at 10; Resp. at 4–8.) Dr. Sorosky relied on an X-ray taken shortly after the accident and found that there was chronic spinal disc degeneration. (Resp. at 6; Doc. 23-1 at 9.) Dr. Sorosky also viewed Plaintiff's MRI and determined that there was no evidence of

acuteness. (Doc. 23-1 at 9.) He also relied on Plaintiff's medical records from car accidents in 2013 and 2015. (Resp. at 4; Doc. 23-1 at 8.) Specifically, he noted that Plaintiff reported low back pain after his 2013 car accident. (Resp. at 4; Doc. 23-1 at 8.) Although Plaintiff contends that Dr. Sorosky asserts a bare conclusion, Dr. Sorosky relied on Plaintiff's X-ray, MRI, and medical records in his opinion. As stated above, disputes regarding the strength of the facts relied on by Dr. Sorosky are more appropriately addressed by Plaintiff on cross-examination or by presenting contrary evidence at trial. *Daubert*, 509 U.S. at 596.

### B.   Sufficient Facts or Data

Relatedly, Plaintiff contends that Dr. Sorosky's opinions are not supported by sufficient facts or data. (Mot. at 11.) Plaintiff states, "Dr. Sorosky uses three data points to support his opinion: (1) no complaints of back pain until six days after the collision; (2) he cannot appreciate any objective signs of acute injury on the MRI; (3) [Plaintiff's] X-ray showed degenerative changes in his lumbar spine." (Mot. at 13.) Plaintiff contends that these data points are either "factually inaccurate or cannot be used to determine whether [Plaintiff's] lower back pain pre-existed the collision." (Mot. at 13.) In Response, Defendant contends that interpretation of the MRI and the X-ray is a "learned disagreement between experts" and should be fodder for trial. (Resp. at 6–7.) The Court agrees with Defendant.

Like Dr. Sorosky's apparent misstatement, addressed above, disputes between experts regarding how to interpret both Plaintiff's MRI and X-ray results are more appropriately addressed by the parties at trial. Plaintiff believes that Dr. Sorosky's conclusion that the MRI does not show acuteness is unfounded because there is objective evidence of neurologic impingement. (Mot. at 14.) However, Dr. Sorosky points to articles published in medical journals to support his finding that the MRI shows that Plaintiff's lumbar injury is not acute. (Doc. 23-2 at 3–16.) Whether the MRI shows acuteness is answered by weighing Dr. Sorosky's testimony, but Plaintiff fails to demonstrate that Dr. Sorosky's opinion relies on insufficient facts or data.

Similarly, whether degenerative changes observed on the X-ray can explain Plaintiff's injuries and symptoms is answered by weighing Dr. Sorosky's testimony against that of Plaintiff's experts. But Plaintiff has not demonstrated that Dr. Sorosky failed to rely on sufficient facts or data or that his testimony is otherwise inadmissible.

## IV. CONCLUSION

The Court finds that Dr. Sorosky's opinions are supported by sufficiently reliable principles and methods as well as sufficient facts or data. Therefore, the Court will deny Plaintiff's Motion to Exclude Dr. Sorosky's Expert Testimony.

**IT IS THEREFORE ORDERED** denying Christopher Rocha's Motion to Exclude Testimony of Brad Sorosky, M.D. (Doc. 23).

Dated this 24th day of April, 2023.

Honorable John J. Tuchi
United States District Judge